**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.                                    Case No.  04-2515-JWL

**BRUCE E. WALTON a/k/a Bruce
Edward Walton a/k/a Bruce Walton;
ALDEN STATE BANK; STATE OF
KANSAS,**

    **Defendants.**

**MEMORANDUM AND ORDER**

The United States of America filed a complaint against defendant Bruce E. Walton ("Mr. Walton") and others to obtain a personal judgment against Mr. Walton on a promissory note that he executed in favor of the United States Department of Agriculture and to obtain a decree of foreclosure against the real property that Mr. Walton pledged as collateral for repayment of the promissory note. The government then obtained a judgment of foreclosure and sold the collateral property by auction. This matter is now before the court on the government's motion for an order confirming the Marshal's sale of real estate (Doc. # 4).[1] The court grants the government's motion for an order confirming the Marshal's sale of real estate

---

[1] Also at issue is Mr. Walton's "Request by Declaration in Special Visitation for Mandatory Judicial Notice of Correction and Perfection of Record." (Doc. # 28) The court deems this to be a response to the motion confirming the sale, so while the court will consider the arguments presented within, it is unnecessary for the court to rule independently on this pleading.

because default judgment was properly entered against Mr. Walton, the court properly entered judgment for the government and the sale of the real estate was properly conducted.

## I. Background

On October 18, 2004, the United States filed a complaint against Mr. Walton and others to obtain a personal judgment against Mr. Walton on a promissory note that he executed in favor of the United States Department of Agriculture on February 19, 1991, and to obtain a decree of foreclosure against the real property that Mr. Walton pledged as collateral for repayment of the promissory note. Mr. Walton was personally served with a summons and a copy of the complaint by the United States Marshal's Service on November 16, 2004, making his answer or other response to the complaint due on December 6, 2004.

On November 22, 2004, the Assistant United States Attorney ("AUSA") Christina L. Medeiros received a document from Mr. Walton by certified mail which was addressed to Mr. Eric Melgren, United States Attorney for the District of Kansas. The document was for the "case" of Iesus, the Christ v. Eric Melgren, United States Attorney for the District of Kansas, AUSA Medeiros, C.P. Rowland, President of Alden State Bank, Phil Kline Attorney General for the State of Kansas, Hon. John Lungstrum, Chief Judge for the District of Kansas, Chief Justice William Rehnquist, John Snow, Secretary of the Treasury, John Ashcroft, Attorney General, President George W. Bush, Elizabeth II, Queen of Great Britain, and Pope John Paul II, with the purported venue of "Superior Court, Rice County, Kansas," entitled "Part One. Non-Statutory Writ of Covenant trespass to try title." This document appeared to be a lawsuit filed in the superior court of Rice County, Kansas by Iesus: the Christ against Mr. Melgren and others for Case No. RB 687 690 682 US. There is no superior court of Rice County, Kansas, and the case number provided was actually the tracking number reflected on the United States Postal Service registered mail

label affixed to the front of the document. In brackets on the front page of the document, there is a statement "For reference only: Civil No. 04-2525-JWL." The argument presented within the document is incomprehensible, with numerous references to God, Iesus, Christ, and the Bible.

On December 6, 2004, AUSA Medeiros received from Mr. Walton by certified mail addressed directly to her a document entitled "Part Two. Non-Statutory Covenant for trespass to try title; Notice of Default; Default Judgment; Praecipe. " This document was another lawsuit allegedly filed in the superior court of Rice County, Kansas, which does not exist, by Iesus: the Christ v. Eric F. Melgren, et al. This document, like its predecessor, presented an argument that is incomprehensible to the court.

Also on December 6, 2004, which was the due date for Mr. Walton's response to the government's complaint, AUSA Medeiros, believing that Mr. Walton had not filed an answer or any other responsive pleading to the government's complaint, requested the clerk of the court to enter default against Mr. Walton. Default was entered on December 8, 2004.

At 12:45 P.M. on December 6, 2004, the clerk of the court received part one and two of Mr. Walton's "Non-Statutory Writ of Covenant trespass to try title," which AUSA Medeiros had previously received directly via the United States Postal Service from Mr. Walton. However, these documents were not immediately placed on the docket sheet for this case because Mr. Walton referenced this case by both the incorrect caption and docket number, but on December 10, 2004, the clerks office surmised that the documents it had received were intended for this case and entered them on the docket sheet. The documents were deemed by the clerk of the court to be "Statements," giving the full title provided by Mr. Walton on the docket, and the clerk deemed them filed on December 6, 2004.

On December 30, 2004, the government filed its motion for judgment by default against Mr. Walton, and a copy was sent to Mr. Walton by regular mail. However, Mr. Walton refused delivery of this pleading and did not file a response. On January 7, 2005, the court signed and filed the journal entry of judgment and foreclosure, where the court noted that Mr. Walton failed to appear, plead or otherwise defend himself against the government's complaint in a manner recognized by the Federal Rules of Civil Procedure within the allowed time, and the court noted that default was entered by the clerk of the court on December 8, 2004. AUSA Medeiros sent Mr. Walton a copy of the journal entry by certified mail on January 10, 2005, but, like the motion for judgment by default, Mr. Walton refused to accept the document, nor did Mr. Walton file a motion to set aside the journal entry of judgment and foreclosure.

Between January 10, 2005 and February 7, 2005, Mr. Walton filed several documents that were docketed in the present case as "Statements," specifically a "Notice of and Preauthorized Transfers by Bruce Walton," "Notices of Verified Declarations" by Bruce E. Walton and a "Notice by Bruce E. Walton." These documents were of no use to the court as they lacked any clarity, like Mr. Walton's "Non-Statutory Writ of Covenant trespass to try title."

On January 27, 2005, the government filed a motion for an order of sale of the real estate that was pledged as collateral for repayment of the loan given to Mr. Walton by the Department of Agriculture, and this pleading was mailed to Mr. Walton by regular mail, but it was returned as unclaimed. On January 27, 2005, the clerk of the court filed the order of sale, and AUSA Medeiros sent a copy of the order to Mr. Walton by regular mail on January 31, 2005. The order was returned as unclaimed.

The United States Marshal's Service then issued a notice of sale of real estate that was filed with this court on February 22, 2005. The notice called for the sale to take place on March 17, 2005.

However, due to a printing error in the legal description of the real estate, the notice of sale had to be corrected. A corrected notice of sale was issued by the Marshal on February 24, 2005, and this notice called for the sale to take place on March 31, 2005. Because of the printing error, the sale could not take place by within sixty days of January 27, 2005, by March 27, 2005, as required by the order of sale of real estate. An amended order of sale was issued, giving the Marshal until May 22, 2005 to file a return of service. The real estate was sold at a public auction on March 31, 2005, and on April 18, 2004, the return of sale was filed by the Marshal, stating that the Department of Agriculture was the highest bidder, with a credit bid of $83,521.00.

This matter is currently before the court on the government' motion for an order confirming the Marshal's sale of real estate.

**II.   Analysis**

The arguments presented by Mr. Walton are very unclear, but the court believes that Mr. Walton is opposing the government's motion for an order to confirm the Marshal's sale of real estate because default was improperly entered against Mr. Walton, the court improperly entered judgment for the government and the sale of the real estate was improperly conducted. The court disagrees, and therefore the government's motion is granted.

**A.   Default Judgment**

Mr. Walton argues that the court should not grant the government's motion for an order confirming the Marshal's sale because default was improperly entered in this case, as Mr. Walton answered the government's complaint, but the clerk of the court delayed when filing Mr. Walton's answer and did not give Mr. Walton's document the exact titles that were given

5

by him, specifically the court referred to the filings as statements. The court disagrees. Mr. Walton has not been prejudiced by the clerk's delay in filing his pleadings, nor has Mr. Walton been prejudiced by any title the clerk gave these same pleadings.

Mr. Walton argues that he was prejudiced by the clerk of the court's intentional late filing of his pleadings, "Part One. Non-Statutory Writ of Covenant trespass to try title" and "Part Two. Non-Statutory Covenant for trespass to try title; Notice of Default; Default Judgment; Praecipe." The court finds that any delay in the placement of these pleading on the docket sheet was not intentional or with any malicious intent by the clerk of the court. Rather, these documents where not promptly filed in this case because Mr. Walton chose not to use the caption as given in the complaint, gave the case a new number, which was the tracking number provided by the postal service, and when giving the actual case number provided by the court "for reference," Mr. Walton gave the wrong number case number, 04-2525 instead of 04-2515. The court also finds that Mr. Walton was not prejudiced by any delay, as these documents were deemed as filed on December 6, 2004, the date his response to the government's complaint was due.

Mr. Walton also argues that he was prejudiced when the clerk of the court labeled his pleadings as "statements" rather than giving them the exact title provided. The court disagrees because the clerk of the court did not determine that Mr. Walton was in default because of the title of the documents, but instead, because of their substance. Federal Rule of Civil Procedure Rule 8(b) states that "A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which

the adverse party relies." Rule 8(e)(1) emphasizes that "Each averment of a pleading shall be simple, concise, and direct."  Instead of providing a defense to the claims asserted against him, Mr. Walton gives a number of convoluted reasons why he refuses to respond to the government's complaint and demands any proceeding against him stop.  His pleadings simply do not provide defenses to the claims asserted against him nor do they admit or deny the averments that the government relies upon.  *See* 5 C. Wright & A. Miller, Federal Practice and Procedure § 2682 (1990) ("The words 'otherwise defend' refer to the interposition of various challenges to such matters as service, venue, and the sufficiency of the prior pleading, any of which might prevent a default if pursued in the absence of a responsive pleading.")  Moreover, Mr. Walton's decision not to use the caption provided by the government is evidence that he did not intend his pleading as a response to the government's complaint as is his choice to create a new case number instead of using the one provided in the government's complaint.

### B. Judgment for the Government

The court also finds that it properly entered judgment for the government. Federal law concerning liens arising by virtue of federal lending programs incorporates nondiscriminatory state law. *United States v. Kimbell Foods, Inc*., 440 U.S.715 (1979). The requirements for obtaining a decree of foreclosure are well established in the state of Kansas. *See Gibson v. Rea*, et al., 140 P. 893 (1914). "Production of the note and mortgage at the trial by the plaintiff proved prima facie title in him. When the plaintiff proved record title in the mortgagor and introduced the note and the mortgage with its indorsement in evidence, he proved all the allegations of his petition which were essential to sustain a judgment for foreclosure." *Id.*

Here, the existence, amount and priority of the promissory note executed by Mr. Walton, the mortgage lien held by the government and the government's right to a judgment and decree of foreclosure were established by the allegations of the government's complaint and the affidavit filed by the government in support of its motion for default judgment. Mr. Walton chose not to file any valid defense to the government's complaint. Mr. Walton's pro se status does not excuse him from the responsibility of presenting an adequate defense, and therefore, his failure to file a defense is not a basis to avoid entry of judgment. *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996); *United States v. Ware*, 172 F.R.D. 458 (D. Kan. 1997). Mr. Walton had previously been instructed regarding the pleading requirements of the Federal Rules of Civil Procedure. *See Walton v. Shanelec,* 19 F. Supp.2d 1209 (D. Kan. 1998). In this case, Mr. Walton knew the requirements for filing

a defense, and chose not to do so. For all the reasons given above, the court finds that judgment was properly entered for the government.

### C.  Sale of Real Estate

Mr. Walton argues that the sale was improper because Marshal Walter Bradley, the United States Marshal for the District of Kansas, did not personally conduct the sale and because of errors in the notices of sale, the amended order of sale and the return of the Marshal. The court finds that the sale of the real property was properly conducted. Title 28 U.S.C. § 2001(a), authorizing judicial sales of realty, provides that "[s]uch sale shall be upon such terms and conditions as the court directs."

Here, the sale was conducted under Marshal Bradley's authority and direction as evidenced by the return of the Marshal, and the court did not impose a term or condition requiring Marshal Bradley to personally oversee the sale. Therefore, there was no defect in Marshal Bradley's failure to personally oversee the sale. Also, the court finds that any clerical errors regarding dates pointed out by Mr. Walton were minor, as they were caused by the delay in the sale created by the printing error made by the publisher of the legal newspaper in the original notice of sale. None of the errors were material nor do they change the fact that a sale took place on March 31, 2005 in accordance with the law. The court also notes that Mr. Walton cannot object that he did not receive notice of the sale, as his knowledge of the sale is evidenced by his attendance.

Therefore, the court finds that the proceedings of the United States Marshal under the order of sale are regular and in conformity with law and equity and the orders of this court, and confirms the sale in all respects.

The court also finds that the following real estate located in Rice County, Kansas, to-wit:

> The Northeast Quarter of the Northwest Quarter; and a Tract of land described as commencing at the Northeast Corner of the Southeast Quarter of the Northwest Quarter, and running thence South 40 feet; thence Northwesterly to a point 40 feet West of the point of beginning; thence East 40 feet to the point of beginning; and the South Half of the Southeast Quarter; the Northwest Quarter of the Southeast Quarter; and the Southwest Quarter of the Northeast Quarter, all in Section Twenty-three (23), Township Twenty (20) South, Range Eight (8) West of the 6th Principal Meridian, Rice County, Kansas,

is the subject matter of this action, and was sold at the Marshal's sale to the Farm Service Agency, United Stated Department of Agriculture, for the sum of $83,521.00, which was the highest and best bid received at the sale, and the price is a fair and equitable price for the property.

Ths court finds that Mr. Walton is entitled to a redemption period of three months, but that the United States Marshal for the District of Kansas shall make and execute to the purchaser of the property a Certificate of Purchase. Upon expiration of the redemption period granted to Mr. Walton, the Marshal for the District of Kansas shall issue a good and sufficient deed for the property to the holder of the Certificate of Purchase, and the Marshal shall put the grantee named in the deed into peaceable possession of the real property for which purpose, upon refusal of Mr. Walton or any persons claiming by, from or

under him to deliver such possession on demand, a Writ of Assistance shall issue to the Marshal for the District of Kansas, directing him to put the holder of the Marshal's Deed into possession without further order of the court.

### III.     Conclusion

Because default judgment was properly entered against Mr. Walton, the court properly entered judgment for the government and the sale of the real estate was properly conducted, the court grants the government's motion for an order confirming the Marshal's sale of real estate.

**IT IS THEREFORE ORDERED BY THE COURT** that the Marshal's Sale held on March 31, 2005, wherein the above described real property was sold to the Farm Service Agency, United States Department of Agriculture, by the United States Marshal for the District of Kansas is confirmed.

**IT IS FURTHER ORDERED** that the defendant, Bruce E. Walton a/k/a Bruce Edward Walton a/k/a Bruce Walton, is granted a redemption period of three months.

**IT IS FURTHER ORDERED** that the United States Marshal for the District of Kansas shall make and execute to the purchaser of the property at the sale, a Certificate of Purchase and that upon expiration of the redemption period granted to the defendant, Bruce E. Walton a/k/a Bruce Edward Walton a/k/a Bruce Walton, the United States Marshal for the District of Kansas shall issue a good and sufficient deed for the property to the holder of the Certificate of Purchase.

**IT IS FURTHER ORDERED** that the United States Marshal shall put the grantee named in the deed into peaceable possession of the real property for which purpose, upon refusal of defendant, or any persons claiming by, from or under him to deliver such possession on demand, a Writ of Assistance shall issue to the United States Marshal for the District of Kansas, directing him to put the holder of the Marshal's Deed into possession without further order of this Court.

**IT IS SO ORDERED** this 27th day of July, 2005.

    s/ John W. Lungstrum
    John W. Lungstrum
    United States District Judge